NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KNIGHTS FRANCHISE SYSTEMS, INC.,

*Plaintiff,*

v.

FORWARD HOTELS AND DEVELOPMENT, LLC, LARRY LIMBAUGH, JR., and MATTHEW ATCHLEY,

*Defendants.*

Civil Action No. 17-2789

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Knight's Franchise Systems, Inc.'s ("KFS" or "Plaintiff") unopposed motion for default judgment against Forward Hotels and Development, LLC ("Forward Hotels"); Larry Limbaugh, Jr.; and Matthew Atchley (collectively "Defendants") under Federal Rule of Civil Procedure 55(b). D.E. 12. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED**.

## II. FACTS[1] AND PROCEDURAL HISTORY

On or about August 14, 2014, KFS entered into a Franchise Agreement (the "Agreement") with Forward Hotels for the operation of a 100-room Knights Inn® guest lodging facility (the "Facility") located at 1803 S. Lakeside Drive, Amarillo, Texas 79118. D.E. 1, hereinafter "Complaint" or "Compl." at ¶ 10. Forward Hotels agreed to operate a Knights® guest lodging facility for a three-year term and to make certain payments to KFS "for royalties, system assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees," which the Agreement collectively referred to as "Recurring Fees." *Id.* at ¶ 11-12. According to the Agreement, Forward Hotels owed interest to KFS on any past due amount at a rate of 1.5% per month or the maximum amount permitted by the applicable law, whichever was less, accruing from the due date until "the amount is paid." *Id.* at ¶ 13.

Defendants Limbaugh and Atchley provided KFS with a Guaranty of Forward Hotels' obligations under the Franchise Agreement. *Id.* at ¶ 19, Ex. B to Compl. Pursuant to the Guaranty, Limbaugh and Atchley agreed that in the event of a default, they would "immediately make each payment and perform or cause [Forward Hotels] to perform, each unpaid or unperformed obligation of [Forward Hotels] under the agreement." Ex. B to Compl.

Forward Hotels was required to prepare and submit monthly reports to KFS disclosing, among other things, the amount of gross room revenue earned at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees. Compl. at ¶ 14. Furthermore, according to the Agreement, Forward Hotels was required to maintain accurate financial information, including books, records, and accounts relating to the gross room revenue

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

2

of the Facility and agreed to allow KFS to examine, audit, and make copies of the entries of these books. *Id.* at ¶ 15.

The Agreement provided that it could be terminated with notice to Forward Hotels for various reasons, including if Forward Hotels (1) discontinued operating the Facility as a Knights Inn® guest lodging establishment; and/or (2) lost possession or the right to possession of the facility. *Id.* at ¶ 16. In the event of a termination, Forward Hotels agreed to pay liquidated damages in accordance with the formula specified in the Agreement. *Id.* at ¶ 17. The Agreement provided that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." *Id.* at ¶ 18.

On or around September 22, 2016, Defendants lost possession of the Facility to a third-party. *Id.* at ¶ 22. In a letter dated September 26, 2016, KFS advised Forward Hotels that this constituted a unilateral termination of the Agreement by Forward Hotels. *Id.* at ¶ 22-23. The effective date of the termination was set on June 22, 2016, the day Forward Hotels ceased operating the Facility as a Knights Inn®. *Id.* at ¶ 29. In that same letter, KFS advised Forward Hotels that it was required to pay $30,000 as liquidated damages for premature termination as required by the Agreement as well as all outstanding Recurring Fees. *Id.* at ¶ 23. Pursuant to the Agreement, Forward Hotels was also obligated to remit any outstanding Recurring Fees in the event of a termination of the agreement. *Id.* at ¶ 40. KFS, using financial information supplied to KFS by Forward Hotels, set the amount of Recurring Fees at $67,634.52. *Id.* at ¶ 41.

On April 24, 2017, KFS filed a five-count Complaint against Defendants seeking payment of certain Recurring Fees, liquidated damages, interest, attorneys' fees, and costs of suit. D.E. 1. After diligent efforts and inquiry, KFS was unable to locate Defendants to personally serve the

Summons and Complaint. Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default, D.E. 12-2, hereinafter "Couch Cert." at ¶ 5-7. On July 14, 2017, KFS served Limbaugh with the Summons and Complaint via certified and regular mail, return receipt requested. *Id.* at ¶ 6. On September 5, 2017, KFS served Forward Hotels and Atchley with the Summons and Complaint via regular mail and certified mail, return receipt requested. *Id.* at ¶ 8. All three Defendants failed to answer, move, or otherwise respond. *Id.* at ¶ 9.

On September 11, 2017, default was entered against defendant Limbaugh, and KFS served a copy of the default on him via letter on September 13, 2017. *Id.* at ¶ 10-12. On September 28, 2017, default was entered against Defendants Forward Hotels and Atchley, and KFS served a copy of the default on both later that same day. *Id.* at ¶ 11-13. On November 6, 2017, KFS filed its motion for default judgment. D.E. 12.

### III. LAW AND ANALYSIS

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been

properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

Here, default judgment is improper because it appears that Plaintiff did not serve Defendants Forward Hotels or Atchley with the Summons and Complaint within the required time period. Fed. R. Civ. P. 4(m) provides, in part, that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Complaint in this matter was filed on April 24, 2017. D.E. 1. The Summons and Complaint were forwarded to Recon Management Group, an investigative service, on April 26, 2017 so that both could be served on Defendants. Couch Cert. at ¶4. After Plaintiff could not locate Defendants to serve them personally, Plaintiff served Defendants Forward Hotels and Atchley via regular and certified mail, return receipt requested, on September 5, 2017. *Id.* at ¶8. The date Forward Hotels and Atchley were served falls outside of the 90-day period that the Complaint and summons must be served.[2] KFS also did not show good cause for failure to timely

---

[2] On September 28, 2017, the Clerk of the Court entered default against Defendants Forward Hotels and Atchley because they had not responded to the Complaint within the applicable time

5

serve nor did KFS request that the time for service be extended. Accordingly, default judgment is improper at this time. *See Travelodge Hotels, Inc. v. CPK, Inc.*, No. 13-4796, 2014 WL 2611836, at *2 (D.N.J. June 10, 2014) (dismissing motion for default judgment where service of summons and complaint was improper).

In this case, because Limbaugh is a similarly situated Defendant to Forward Motels and Atchley, the Court will withhold granting default judgment as to Limbaugh until a motion for default judgment is properly brought for all three Defendants. It is the "preferred practice for the court to withhold granting default judgment until the action is resolved on the merits against the non-defaulting defendants." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and non-defaulting defendants were identical).

Because service was defective as to Forward Hotels and Atchley, and the claims against Limbaugh are identical, the Court, in keeping with the practice of the Third Circuit Court of Appeals, will not grant default judgment until the action is resolved as to the remaining Defendants.

---

period. The Clerk apparently relied on the docket entry indicating service. Nonetheless, default should not have been entered in the absence of proper service. Therefore, in the Order accompanying this Opinion, the Court will vacate the entry of default as to Forward Hotels and Atchley. The entry of default as to Defendant Limbaugh was proper.

## I. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is **DENIED** without prejudice. An appropriate Order accompanies this Opinion.

Dated: April 9, 2018.

John Michael Vazquez, U.S.D.J.