Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KNIGHTS FRANCHISE SYSTEMS, INC.,

*Plaintiff*,

v.

FORWARD HOTELS AND DEVELOPMENT, LLC, LARRY LIMBAUGH, JR., and MATTHEW ATCHLEY,

*Defendants*.

Civil Action No. 17-2789

**OPINION**

**John Michael Vazquez, U.S.D.J.**

### I. INTRODUCTION

This matter comes before the Court on Knights Franchise Systems, Inc.'s ("KFS" or "Plaintiff") unopposed motion for default judgment against Forward Hotels and Development, LLC ("Forward Hotels"); Larry Limbaugh, Jr.; and Matthew Atchley (collectively "Defendants") under Federal Rule of Civil Procedure 55(b). D.E. 24. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED in part** and **DENIED in part.**

## II. FACTS[1] AND PROCEDURAL HISTORY

On or about August 14, 2014, KFS entered into a Franchise Agreement (the "Agreement") with Forward Hotels for the operation of a 100-room Knights Inn® guest lodging facility (the "Facility") located at 1803 S. Lakeside Drive, Amarillo, Texas 79118. Compl. at ¶ 10, D.E. 1. Forward Hotels agreed to operate a Knights® guest lodging facility for a three-year term and to make certain payments to KFS "for royalties, system assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees," which the Agreement collectively referred to as "Recurring Fees." *Id.* at ¶¶ 11-12. According to the Agreement, Forward Hotels owed interest to KFS on any past due amount at a rate of 1.5% per month or the maximum amount permitted by the applicable law, whichever was less, accruing from the due date until "the amount is paid." *Id.* at ¶ 13.

Defendants Limbaugh and Atchley provided KFS with a Guaranty of Forward Hotels' obligations under the Agreement. *Id.* at ¶ 19, Ex. B to Compl. Pursuant to the Guaranty, Limbaugh and Atchley agreed that in the event of a default, they would "immediately make each payment and perform or cause [Forward Hotels] to perform, each unpaid or unperformed obligation of [Forward Hotels] under the agreement." Ex. B to Compl.

Forward Hotels was required to prepare and submit monthly reports to KFS disclosing, among other things, the amount of gross room revenue earned at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees. Compl. at ¶ 14. Furthermore, according to the Agreement, Forward Hotels was required to maintain accurate financial information, including books, records, and accounts relating to the gross room revenue

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

2

of the Facility and agreed to allow KFS to examine, audit, and make copies of the entries of these books. *Id.* at ¶ 15.

The Agreement provided that KFS could terminate the Agreement with notice to Forward Hotels for various reasons, including if Forward Hotels (1) discontinued operating the Facility as a Knights Inn® guest lodging establishment and/or (2) lost possession or the right to possession of the Facility. *Id.* at ¶ 16. In the event of a termination, Forward Hotels agreed to pay liquidated damages in accordance with the formula specified in the Agreement. *Id.* at ¶ 17. The Agreement also provided that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." *Id.* at ¶ 18.

On or around June 22, 2016, Defendants lost possession of the Facility to a third-party. *Id.* at ¶ 22. In a letter dated September 26, 2016, KFS advised Forward Hotels that this constituted a unilateral termination of the Agreement by Forward Hotels as of June 22, 2016. *Id.* at ¶¶ 22-23, 29. In that same letter, KFS advised Forward Hotels that, as required by the Agreement, Forward Hotels was required to pay $30,000 in liquidated damages for premature termination, as well as all outstanding Recurring Fees. *Id.* at ¶ 23.

On April 24, 2017, KFS filed a six-count Complaint against Defendants seeking payment of certain Recurring Fees, liquidated damages, interest, attorneys' fees, and costs of suit. Specifically, Plaintiff seeks $67,634.52 in outstanding Recurring Fees and $30,0000 in liquidated damages. D.E. 1. After diligent efforts and inquiry, KFS was unable to locate Defendants to personally serve the Summons and Complaint. Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default, D.E. 12-2, hereinafter "Couch Cert." at ¶¶ 5, 7. As a result, on July 14, 2017, KFS served Limbaugh with the Summons and Complaint via regular and

3

certified mail return receipt. *Id.* at ¶ 6. On September 5, 2017, KFS served Forward Hotels and Atchley with the Summons and Complaint via regular mail and certified mail return receipt. *Id.* at ¶ 8. All three Defendants failed to answer, move, or otherwise respond. *Id.* at ¶¶ 9-10.

On September 11, 2017, default was entered against Defendant Limbaugh, and KFS served a copy of the default on him via letter on September 13, 2017. *Id.* at ¶¶ 9, 11. On September 28, 2017, default was entered against Defendants Forward Hotels and Atchley, and KFS served a copy of the default on both later that same day. *Id.* at ¶¶ 10, 12. On November 6, 2017, KFS filed a motion for default judgment. *Id.* at ¶ 13. On April 10, 2018, this Court denied KFS's motion for default judgment without prejudice and vacated the entry of default as to Defendants Forward Hotels and Matthew Atchley only. *Id.* at ¶ 14. The Court found that KFS failed to serve Defendants Forward Hotels or Atchley with the Summons and Complaint within the time period required under Fed. R. Civ. P. 4(m). D.E. 15 at 5-6. In addition, because Limbaugh was and remains a similarly situated Defendant to Forward Motels and Atchley, the Court withheld granting default judgment as to Limbaugh. *Id.* at 6.

After the motion for default judgment was denied, Plaintiff was provided with additional time to re-serve Forward Motels and Atchley. Couch Cert. at ¶ 16. Forward Hotels and Atchley were personally served on June 28, 2018. *Id.* at ¶ 18. Both Defendants have failed to answer, move, or otherwise respond. *Id.* at ¶ 19. On August 2, 2018, default was entered against Forward Hotels and Atchley, and KFS served a copy of the default on both later that same day. *Id.* at ¶¶ 20-21. On October 30, 2018, KFS filed this motion for default judgment. D.E. 24. The motion seeks $72,054 in Recurring Fees, inclusive of interest, and $42,778.56 in liquidated damages, inclusive of interest from Defendants. Holynski Aff. ¶¶ 14, 21-23.

4

## III. LAW AND ANALYSIS

### A. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

## B. Jurisdiction

When a default judgment is sought against a party that has not filed responsive pleadings, courts have "an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

### i. Subject Matter Jurisdiction

Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). KFS is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. at ¶ 1. Defendant Forward Hotels is a limited liability company. *Id.* at ¶ 2. "[A] limited liability company is a citizen of all the states of its members." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Defendants Limbaugh and Atchley are the only members of Forward Hotels and are domiciled in Texas. Compl. at ¶¶ 3-5. Furthermore, KFS claims over $75,000 in liquidated damages and Recurring Fees, before interest, costs, and attorneys' fees. For purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 517 (D.N.J. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The plaintiff fails to meet the amount in controversy requirement only if it appears to a legal certainty, that the claim is really for less than the jurisdictional amount. *Id.* Accordingly, the Court has subject matter jurisdiction over this matter because the parties are diverse and Plaintiff sufficiently alleges in good faith that the amount in controversy exceeds $75,000.

### ii. Personal Jurisdiction

Contracting parties may waive personal jurisdiction through a forum selection clause. *Ramada Worldwide Inc. v Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *10 (D.N.J. July 31, 2008) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1963)). Here, Section 28 of the Agreement and the Guaranty provide that Defendants "consent and waive [their] objection to the non-exclusive personal jurisdiction of . . . the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between [KFS] and [Defendants]." Holynski Aff. Ex. A, § 28. Accordingly, the Court has personal jurisdiction over the Defendants because they signed the Agreement and Guaranty.

### C. Service of Process

Defendant Limbaugh was properly served on July 14, 2017 and default was properly entered against him on September 11, 2017. D.E. 15 at 4, 5 n.2. A process server personally delivered a copy of the Summons and Complaint to Defendant Atchley on June 28, 2018. D.E. 19. Accordingly, Atchley was properly served under Fed. R. Civ. P. 4(e)(2)(A) and within the extended time allowed by the Court.

As a limited liability company, Forward Hotels may be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Here, on June 28, 2018, a process server personally delivered a copy of the Summons and the Complaint to Atchley, an officer and agent of Forward Hotels. D.E. 19. Therefore, Forward Hotels was properly served under Rule 4(h)(1)(B) and within the extended time allowed by the Court.

Accordingly, service of process was proper as to each Defendant.

### D. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the Complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Count One states a valid cause of action. It requests that Forward Hotels provide an accounting of the revenue it derived as a result of marketing, promoting, or selling guest lodging services. Compl. at ¶¶ 24-27. An action requesting an accounting is sufficient where a relationship between the parties established a legal obligation for the defendant to provide an account of its finances to plaintiff. *See Boles v. Vanderbilt Shirt Co.*, No. 90-0862, 1990 WL 74202, at *4 (E.D. Pa. May 31, 1990). Under Section 9 of the Agreement, Forward Hotels was obligated to allow KFS access to its financial records if requested. Compl. at ¶ 9; Holynski Aff. Ex. A., § 9. This is a sufficient legal obligation to conclude that Count One is adequately pled.

Counts Two, Four and Six state valid causes of action for breach of contract.[2] Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *12 (D.N.J. Jan. 31, 2017) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016)). KFS's allegations here are sufficient. In Counts Two and Four, KFS alleges that Forward Hotels breached the Agreement by failing to pay KFS liquidated damages and Recurring Fees as of the effective date of termination. Compl. at ¶¶ 28-34, 39-42. In Count Six, KFS alleges that Defendants

---

[2] Counts Three and Five assert claims in the alternate to KFS's breach of contract claims. *See* Compl. ¶¶ 35-38, 43-46. Because the Court finds that KFS states a claim for breach of contract and that Defendants are responsible for the recurring fees and liquidated damages, it does not address these alternate claims.

Limbaugh and Atchley breached the Guaranty by failing to satisfy Forward Hotels' obligations under the Agreement. *Id.* at ¶¶ 47-50. KFS also established that it performed under the Agreement.

### E. Damages

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

#### i. Recurring Fees

KFS is claiming damages of an amount equal to the Recurring Fees plus interest and liquidated damages. Holynski Aff. ¶¶ 14-23. Recurring Fees, as described in Schedule B of the Agreement, includes "Combined Fees" and "Reservation Fees". *Id.* at Ex. A, Schedule B. In the Agreement, it appears that Forward Hotels selected the "Flat Rate Formula" as the means for calculating the Combined Fees. *Id.* Under this formula, Forward Hotels generally owed $25 per guest room per month that the Facility was open. *Id.* Reservation Fees generally equal $4 per reservation. *Id.* Here, Plaintiff provides an Itemized Statement purporting to illustrate that Defendants now owe $72,054.27 in Recurring Fees. *Id.* at ¶ 14, Ex. D. This Statement, however, includes multiple charges that appear to be unrelated to the Flat Rate Formula or Reservation Fees. *Id* at Ex. D. In fact, the only charges included in the Itemized Statement that bear any resemblance to the charges included in the "Flat Rate Formula" are the monthly charges labeled "Actual-1210A-MARKETING FEE" and "Actual-1000A-ROYALTY FEE." These two fees together amount to $2,500 per month, which is the amount due under the "Flat Rate Formula" of $25 per room multiplied by 100 rooms. *See id.* These two fees, however, account for only a portion of the purported Recurring Fees that KFS now alleges that it is owed. Further, the Itemized Statement does not clearly identify the total amount of "Reservation Fees" owed. *Id.* Plaintiff, therefore,

must provide further explanation as to why it is entitled to recover the full amount of Recurring Fees it seeks as damages.

### ii. Liquidated Damages

"Whether a liquidated damages clause is enforceable is a question of law for the court to decide." *Naporano Assocs., L.P. v. B & P Builders*, 309 N.J Super. 166, 176 (App. Div. 1998) (quoting *Wasserman's Inc. v. Township of Middletown*, 137 N.J. 238, 238 (1994)). When a liquidated damages clause is negotiated by parties with comparable bargaining power, the ultimate issue is whether the amount of liquidated damages is reasonable, either at the time of contract formation or the breach. *Id.* But "[a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." *Ramada Worldwide Inc. v. Khan Hotels LLC*, No. 16-2477, 2017 WL 187384, at *6 (D.N.J. Jan. 17, 2017) (quoting Restatement (Second) of Contracts § 356(1) (1981)).

Under Section 23 of the Agreement, liquated damages equals "Combined Fees then in effect for the Facility multiplied by the lesser of 12 or the number of full calendar months remaining in the unexpired current Term at the date of termination." *Id.* at Ex. A, § 23. Section 2 of the Agreement provides the Term ends "on the last day of the month preceding the third anniversary of the Opening Date." *Id.* at Ex. A, § 2. Schedule A of the Agreement defines the "Opening Date" as "the date on which we authorize you to open the Facility for business identified by the Marks and using the System." *Id.* at Ex. A, Schedule A.

Through this motion, Plaintiff seeks $30,000 in liquidated damages, which equals the Combined Fees multiplied by 12, plus interest.[3] KFS's claims for liquidated damages do not

---

[3] Plaintiff fails to provide the Court with the "Opening Date" here. Despite this omission, the amount of Liquidated Damages appears appropriate. The Agreement, which contemplated an initial three-year term, was executed on August 13, 2014. Thus, the Opening Date could not have

10

require any further evidentiary proof as the amount was contractually agreed upon. *See, e.g., Super 8 Motels, Inc. v. B & J (Radha), LLC*, No. 05-5713, 2006 WL 3256828, at *5 (D.N.J. Nov. 9, 2006). Moreover, there is no suggestion that the parties had unequal bargaining power. Last, the amount of liquidated damages appears reasonable given the fact that the parties expected the Facility to remain open for more than a year after the termination date when they first entered into the Agreement. The Court, therefore, will award Plaintiff $42,778.56 for liquidated damages plus interest.

### F. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015).

Here, all three factors weigh in favor of entering default judgment. First, KFS would not be able to recover damages owed according to the Agreement and Guaranty, and would be unfairly prejudiced if no default judgment is entered. *Days Inns Worldwide, Inc. v. Tulsipooja Hosp., LLC*, No. 15-5576, 2016 WL 2605989, at *3 (D.N.J. May 6, 2016). Second, considering that Defendants have not responded to this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Lastly, Defendants'

---

occurred before August 13, 2014. The Agreement here was terminated as June 22, 2016. Using August, 13, 2014 as the opening date, more than a year remained in the initial three-year period. As a result, no matter when the Opening Date actually occurred, the appropriate calculation for liquidated damages under the Agreement is Combined Fees multiplied by 12.

failure to answer, without providing any reasonable explanation, permits the court to draw an inference of culpability. *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). As a result, the Court finds that default judgment is warranted.

### IV. Conclusion

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 24) is **GRANTED in part** and **DENIED in part**. The motion is granted as it pertains to liability and liquidated damages. The motion is denied as it pertains to damages associated with the Recurring Fees. Plaintiff may file an amended motion that cures the deficiencies regarding the Recurring Fees within thirty (30) day of receipt of this Opinion and the accompanying Order. An appropriate order accompanies this opinion.

Dated: June 27, 2019

John Michael Vazquez, U.S.D.J.